Filed 6/27/22 P. v. Delgadillo CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARICELA DELGADILLO,<br><br>Defendant and Appellant. | F081580<br><br>(Kern Super. Ct. No. LF011935A)<br><br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County. John S. Somers, Judge.

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Christopher J. Rench, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Smith, Acting P. J., Meehan, J. and Snauffer, J.

Defendant Maricela Delgadillo was convicted by jury trial of three counts of sexual abuse of a minor. The trial court imposed the upper term, plus a consecutive term and a concurrent term. On appeal, defendant contends we must reverse and remand for resentencing based on both Assembly Bill No. 124 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 695, § 5) (Assembly Bill 124) and Senate Bill No. 567 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3) (Senate Bill 567), both of which amended Penal Code, section 1170, subdivision (b).[1] The People concede Assembly Bill 124 applies here (*In re Estrada* (1965) 63 Cal.2d 740; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039) and requires that we remand for resentencing. The People also correctly observe that our acceptance of this concession moots the Senate Bill 567 issue. We accept the concession, vacate the sentence, and remand for resentencing conducted in light of all applicable legislation.

## BACKGROUND

Defendant sexually molested the minor victim for many years until he divulged the molestation to a school counselor; defendant was arrested.

On August 28, 2018, the Kern County District Attorney filed an information charging defendant with a lewd and lascivious act upon the victim when he was under the age of 14 years (§ 288, subd. (a); count 1), a lewd and lascivious act upon the victim when he was 14 or 15 years old and defendant was at least 10 years older than he (§ 288, subd. (c)(1); count 2), and sodomy with the victim when he was under the age of 18 years (§ 286, subd. (b)(1); count 3).

On July 15, 2020, a jury found defendant guilty on all counts.

On August 12, 2020, the trial court sentenced defendant to the upper term of eight years on count 1, plus a consecutive eight-month term on count 2 and a concurrent eight-month term on count 3, for a total of eight years eight months in prison.

The same day, defendant filed a notice of appeal.

_____

[1] All further statutory references are to the Penal Code unless otherwise stated.

2.

## DISCUSSION

At the time of defendant's sentencing, section 1170, subdivision (b) permitted trial courts to select the appropriate term "within the sound discretion of the court." (Former § 1170, subd. (b).) On January 1, 2022, while this appeal was pending, several changes to section 1170 became effective. Pursuant to Senate Bill 567, the *middle* term has become the presumptive term (§ 1170, subd. (b)(1)), and the trial court may impose an upper term only if there is one or more aggravating circumstances based on facts either "stipulated to by the defendant, or … found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial" (§ 1170, subd. (b)(2)). Pursuant to Assembly Bill 124, trial courts must impose the *lower* term (unless contrary to the interests of justice) if certain circumstances—such as defendant's own "psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence"—contributed to the commission of the offense (§ 1170, subd. (b)(6)(A)).

Here, Assembly Bill 124 requires resentencing because there was evidence suggesting defendant had endured psychological, physical, or childhood trauma. These circumstances could conceivably support a finding that defendant's prior trauma played a role in her commission of the offenses, thereby triggering the presumption that a low-term sentence is appropriate. We must therefore remand the matter so the trial court can resentence defendant in light of Assembly Bill 124's requirements. We vacate the sentence and remand for a full resentencing hearing. On remand, the trial court shall revisit all of its sentencing choices in light of new and applicable legislation, including Senate Bill 567. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate' "]; *People v. Garcia*, (2022) 76 Cal.App.5th 887, 902–903.)

## DISPOSITION

The sentence is vacated and the matter remanded for resentencing. In all other respects, the judgment is affirmed.

3.